# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| JESSIE CONTRERAS,       * | |
|       * | No. 05-626V |
|        Petitioner,     * | Special Master Christian J. Moran |
|       * | |
| v.       * | Filed: May 3, 2013 |
|       * | |
| SECRETARY OF HEALTH       * | Award of attorneys' costs on an interim |
| AND HUMAN SERVICES,       * | basis; stipulation regarding interim expert |
|       * | costs; award in the amount to which |
|       Respondent.     * | respondent has not objected. |

* * * * * * * * * * * * * * * * * * * * * * * *

Jeffrey S. Pop, Beverly Hills, CA, for petitioner;
Linda S. Renzi, United States Dep't of Justice, Washington, D.C., for respondent.

## DECISION AWARDING ATTORNEYS' EXPERT COSTS ON AN INTERIM BASIS[1]

Mr. Contreras seeks compensation pursuant to the National Childhood Vaccine Injury Compensation Program. See 42 U.S.C. § 300aa—10 et seq. (2006). He alleges either a hepatitis B vaccination and/or a tetanus-diphtheria vaccination caused him to develop transverse myelitis and/or Guillain-Barré syndrome. Mr. Contreras retained several experts to support this claim.

Whether Mr. Contreras is entitled to compensation has not been determined. The United States Court of Federal Claims vacated and set aside the undersigned's decision denying entitlement, filed April 5, 2012, and remanded for proceedings in accordance with the principles and the instructions set forth in the opinion. Opinion and Order, filed Oct. 26, 2012.

Subsequently, the parties attempted to resolve the case through a litigative risk settlement, but were unsuccessful. A briefing schedule has been set, with respondent's response to petitioner's brief on remand due on May 23, 2013.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Despite not having a final decision on entitlement, Mr. Contreras has requested an award of expert costs on an interim basis.  See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Mr. Contreras did not request any attorneys' fees.

On March 28, 2013, the parties filed a joint stipulation of fact regarding interim expert costs.  Respondent noted her position that interim fees and costs are not allowed under the Vaccine Act, but acknowledged that the undersigned has "previously rejected respondent's position with respect to Section 15(e)(1), citing Avera v. HHS, 515 F.3d 1343 (Fed. Cir. 2008), and Shaw v. HHS, 609 F.3d 1372 (Fed. Cir. 2010)."  Stipulation at 1 n.1 (citing Dudash v. Sec'y of Health & Human Servs., No. 09-646V, 2011 WL 1598836 (Fed. Cl. Spec. Mstr. Apr. 7, 2011)).  "Given this prior ruling, respondent elects not to raise her statutory objection at this time in response to this particular request for interim attorneys' fees and costs."  Id.

In the stipulation, respondent stated that petitioner informally submitted a draft application for interim attorneys' fees and costs.  Upon review, respondent raised certain objections to petitioner's application; however, to expedite payment of some, but not all of petitioner's costs, the parties have agreed to stipulate to interim costs that are not in dispute.[2]

A review of the materials offered in support of the stipulation for interim expert costs indicates that the stipulated amounts are reasonable.  Therefore, Mr. Contreras is awarded the amount to which respondent does not object.  This amount includes the following items:

| | |
|---|---|
| Dr. Steinman | $54,862.50 |
| Dr. Kyazze | $400.00 |
| Dr. Poser | $2,700.00 |
| Dr. Garrett | $1,300.00 |
| Dr. Wagner | $4,250.00 |
| Liz Holakiewicz | $18,600.00 |
| **Total Expert Costs Not in Dispute** | **$82,112.50** |

Therefore, the Court awards a check made payable to petitioner and petitioner's attorney, Jeffrey S. Pop, in the amount of **$82,112.50** for interim attorneys' costs available under 42 U.S.C. § 300aa-15(e)(1).

---

[2] According to the parties, the "stipulation represents all costs incurred by these experts to date.  Petitioner reserves the right to pursue costs for additional experts not included in this stipulation."  Stipulation at 2 n.2.

The Clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.