# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1137V
**Filed: February 18, 2015**

```
*************************************
ROBERT HANDEYSIDE,               *        UNPUBLISHED
                                 *
              Petitioner,        *        Special Master Dorsey
                                 *
v.                               *
                                 *        Interim Attorney Fees and Costs;
SECRETARY OF HEALTH              *        Reasonable Amount Requested to
AND HUMAN SERVICES,              *        Which Respondent does not Object.
                                 *
              Respondent.        *
*************************************
```

Scott William Rooney, Nemes, Rooney, P.C., Farmington Hills, MI, for petitioner.
Darryl R. Wishard, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEY'S FEES AND COSTS[1]

On November 21, 2014, Robert Handeyside ("petitioner") filed a petition pro se for compensation pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to -34 (2006).[2] Petitioner alleged that, as a result of receiving "a series of vaccination shots" in September 2011, he suffered from Guillain-Barre Syndrome (GBS). On January 21, 2015, Mr. Rooney entered a consent motion to substitute as counsel, which was subsequently granted.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On February 18, 2015, the parties filed a Stipulation of Facts Regarding Interim Attorney Fees and Costs, stating that under the circumstances in this case, respondent does not object to the $1,712.70, being sought for interim attorney's fees and costs. In compliance with General Order #9, petitioner's attorney represents that petitioner is not seeking interim out-of-pocket expenses at this time.

The undersigned finds that petitioner is entitled to an award of interim attorney's fees and costs under the unique facts and circumstances of this case. See Butler v. Sec'y, HHS, No. 02-1051, 2012 WL 4458203 (Fed. Cl. Spec. Mstr. June 25, 2012) (awarding interim attorneys' fees and costs over respondent's objection); Shaw v. Sec'y, HHS, 609 F.3d 1372, 1375 (Fed. Cir. 2010) (holding that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees"). The undersigned finds that the stipulation is reasonable and adopts it as the decision of the Court in awarding interim costs, on the terms set forth therein.

**Accordingly, the undersigned hereby awards the total of $1,712.70, issued in the form of a check payable jointly to petitioner and petitioner's attorney, Scott William Rooney, for interim attorney's fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

    **IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.