# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed:  June 1, 2016)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * *  * | | UNPUBLISHED |
| ERIC G. CRAVER, | * | |
| | * | No. 15-1519V |
| Petitioner, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Reasonable Amount to Which |
| | * | Respondent Does Not Object. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * *  * | | |

Nancy Routh Meyers, Ward Black Law, Greensboro, NC, for petitioner.
Gordon Elliot Shemin, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 15, 2015, Eric Craver ("petitioner") filed a petition in the National Vaccine Injury Compensation Program[2] alleging that he developed polymyalgia rheumatica ("PMR") after received the tetanus-diptheria-acellular pertussis ("Tdap") vaccine on December 19, 2012. Petition at Preamble.  On May 13, 2016, petitioner filed an unopposed Motion for Attorneys' Fees and Costs.  Petitioner's ("Pet'r's") Motion ("Mot.") dated May 13, 2016 (ECF No. 14). Petitioner requested $7,251.00 in attorneys' fees and $436.36 in costs, for a total award of $7,687.36. Id. at 1.  Petitioner stated that respondent does not object to an award in this amount.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioner also submitted a statement in accordance with General Order #9 that he has not incurred any out-of-pocket expenses.

Petitioner is entitled to an award of reasonable attorneys' fees and costs if the undersigned finds that he brought his petition in good faith and with reasonable basis. § 300aa-15(e)(1). Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008); Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010); Woods v. Sec'y of Health & Human Servs., 105 Fed. Cl. 148 154 (Fed. Cl. 2012); Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (Fed. Cl. 2010); Doe/11 v. Sec'y of Health & Human Servs., 89 Fed. Cl. 661, 668 (Fed. Cl. 2009); Bear v. Sec'y of Health & Human Servs., No. 11-362VV, 2013 FWL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013); Lumsden v. Sec'y of Health & Human Servs., No. 97-588, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012).

Based on the reasonableness of petitioner's request for attorneys' fees and costs and the lack of opposition from respondent, the undersigned GRANTS petitioner's motion for attorneys' fees and costs.

Accordingly, **a lump sum of $7,687.36**[3] **shall be awarded in the form of a check payable jointly to petitioner and petitioner's counsel, Nancy Routh Meyers.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accord with this decision.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), the parties can expedite the entry of judgment by each party filing a notice renouncing the right to seek review.