# United States Court of Appeals for the Federal Circuit

---

**MICHAEL STEPHEN SHAW,**
*Petitioner-Appellant,*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee.*

---

2009-5117

---

Appeal from the United States Court of Federal Claims in 01-VV-707, Judge Mary Ellen Coster Williams.

---

Decided: June 24, 2010

---

KEVIN P. CONWAY, Conway, Homer & Chin-Caplan, P.C., of Boston, Massachusetts, argued for petitioner-appellant. On the brief was RONALD C. HOMER.

DARRYL R. WISHARD, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were TONY WEST, Assistant Attorney General, TIMOTHY P. GARREN, Director, MARK W. ROGERS, Deputy Director, and CATHARINE E. REEVES, Assistant Director.

_____

Before MOORE and PLAGER, *Circuit Judges.**

MOORE, *Circuit Judge.*

Mr. Michael Shaw applied for interim attorneys' fees and costs while pursuing a cause of action for compensation under the Vaccine Act, 42 U.S.C. § 300aa-1 et seq. The Special Master awarded Mr. Shaw the undisputed portion of his request and deferred consideration of the remaining fees and costs until the submission of a final petition for fees and costs. *Shaw v. Sec'y of HHS*, No. 01-707, 2009 WL 1010058, at *3 (Fed. Cl. Mar. 27, 2009). Mr. Shaw sought review in the United States Court of Federal Claims, and that court dismissed, concluding that it lacked jurisdiction to review an interim fee award. For the reasons discussed below, we reverse.

BACKGROUND

Mr. Shaw petitioned for compensation under the Vaccine Act, asserting that he suffered an inflammatory polyneuropathy as a result of the Hepatitis B vaccine. Although Mr. Shaw filed his petition in 2001, his case was stayed pending an omnibus proceeding involving numerous Hepatitis B cases. The stay was lifted in 2006, at which point the parties filed "a substantial volume of medical records." *Shaw v. Sec'y of HHS*, 88 Fed. Cl. 463, 463 (2009). On March 12, 2008, the Special Master conducted an entitlement hearing. The Special Master heard testimony from three witnesses, including Dr.

_____

    *    Paul R. Michel, who retired from the position of Chief Judge on May 31, 2010, did not participate in this decision.

Sherri Tenpenny, whom Mr. Shaw had retained as an expert.

After the entitlement hearing, but before the Special Master rendered a decision on the merits, Mr. Shaw filed an Application for Interim Fees and Costs, seeking $142,778.50 for attorneys' fees and $32,311.45 in costs. *Shaw*, 2009 WL 1010058, at *1. The government challenged many of Mr. Shaw's requests as "outrageously excessive and unreasonable." *Id.* at *2. The Special Master awarded Mr. Shaw the undisputed portion of his request, which amounted to $12,632.59, about 7% of the total amount requested. *Id.* at *3. The Special Master deferred consideration of the disputed fees and costs "until a final petition for fees and costs is submitted." *Id.*

Mr. Shaw moved for reconsideration of the decision. The Special Master denied the motion, explaining that she was preparing a ruling on entitlement and that the reasonableness of certain requests would be best considered in connection with her evaluation of the merits of the case. Specifically, the Special Master explained that a "significant issue in the entitlement ruling is whether Dr. Tenpenney, as an osteopathic doctor and one of petitioner's many treating physicians, was qualified to opine on the cause of petitioner's neurologic injury." *Shaw*, No. 01-707V, D.I. 93, *2 (Fed. Cl. May 1, 2009). The Special Master stated that "[t]he transcript of the entitlement hearing and the interim fee petition reflect many hours of research by Dr. Tenpenney in preparing an opinion letter in this case." *Id.* The Special Master concluded that "[t]he reasonableness of Dr. Tenpenney's extensive research is best considered in connection with the undersigned's evaluation of the petitioner's entitlement claim." *Id.* at *2-3.

Mr. Shaw petitioned for review of the Special Master's decision. The Court of Federal Claims concluded that it lacked jurisdiction to review an interim decision on attorneys' fees and costs. *Shaw*, 88 Fed. Cl. 463. The court reasoned that under 42 U.S.C. § 300aa-12, it only had jurisdiction to review a "final decision" of the Special Master. *Shaw*, 88 Fed. Cl. at 465. The court stated that "[b]oth the Federal Circuit and the Court of Federal Claims have interpreted Section 12(e)(3) to mean that only a 'final decision' by the Special Master—a decision that resolves the ultimate issues in the case—is appropriate for review by this court." *Id.* Because there was no final decision on the underlying merits of the petition, the court concluded it did not have jurisdiction to review the Special Master's decision on attorneys' fees. *Id.* Therefore, the Court of Federal Claims dismissed the petition for lack of jurisdiction. Mr. Shaw appeals. We have jurisdiction under 42 U.S.C. §§ 300aa-12(f).

## DISCUSSION

We review *de novo* a decision by the Court of Federal Claims concerning its jurisdiction to review a decision of the Special Master. *Widdoss v. Sec'y of HHS*, 989 F.2d 1170, 1174 (Fed. Cir. 2003).

On appeal, Mr. Shaw argues that the plain language of the Vaccine Act establishes jurisdiction. Specifically, Mr. Shaw cites 42 U.S.C. § 300aa-12(e), which provides the Court of Federal Claims with jurisdiction to review "decisions" by special masters. Mr. Shaw asserts that it would be improper to read the word "final" into the statute. Moreover, Mr. Shaw argues that holding that interim fee denials are not reviewable would effectively eliminate the right to interim fees recognized by this court in *Avera v. Secretary of the Department of Health*

*Human Services*, 515 F.3d 1343, 1352-53 (Fed. Cir. 2008). Finally, Mr. Shaw asserts that Vaccine Rule 13 expressly provides for review of interim fee awards and thus establishes jurisdiction. *See* Vaccine Rules of the United States Court of Federal Claims, app. B, R. 13(b) (as amended July 13, 2009) (Vaccine Rules).

The government asserts that the Vaccine Act only provides jurisdiction to review final decisions and that a decision on interim fees is not final and appealable. The government argues that this lack of review does not render *Avera* meaningless because special masters will continue to award interim fees, regardless of whether interim decisions are appealable. The government further argues that allowing appeals of interim fee awards would impede the goal of efficient resolution of claims. Finally, it asserts that Vaccine Rule 13 cannot create jurisdiction where none otherwise exists.

In *Avera*, we held that the Vaccine Act permits the award of interim fees and costs, rejecting the government's argument that a fee award is only permissible after judgment under § 300aa-15. *Avera*, 515 F.3d at 1350-51. As this court explained, there is even more reason to award interim fees in vaccine cases because there is no prevailing party requirement. *Id.* at 1352. "[T]he Vaccine Act merely requires parties who do not prevail to show that their claim was brought 'in good faith' and 'with a reasonable basis.'" *Id.* (quoting 42 U.S.C. § 300aa-15(e)(1)). We further explained:

> A special master can often determine at an early stage of the proceedings whether a claim was brought in good faith and with a reasonable basis. Moreover, as we noted in *Saunders*, one of the underlying purposes of the Vaccine Act was to en-

> sure that vaccine injury claimants have readily available a competent bar to prosecute their claims. 25 F.3d at 1035. Denying interim fee awards would clearly make it more difficult for claimants to secure competent counsel because delaying fee payments decreases the effective value of awards. . . . Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained.

*Id.* at 1352. Where the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees.

For purposes of jurisdiction under 42 U.S.C. § 300aa-12, a decision on attorneys' fees and costs is a decision on compensation. Subsection 12(d)(3)(A) provides the Court of Federal Claims with jurisdiction to review decisions under the Vaccine Act. 42 U.S.C. § 300aa-12(d)(3)(A). Specifically, this subsection provides that "[a] special master to whom a petition has been assigned shall issue a decision on such petition with respect to whether compensation is to be provided under the Program and the amount of such compensation," and it further provides that "[t]he decision of the special master may be reviewed by the United States Court of Federal Claims in accordance with subsection (e) of this section." *Id.* Thus, the Court of Federal Claims has jurisdiction to review a decision by the special master concerning compensation.

The Vaccine Act indicates that compensation includes attorneys' fees and costs:

> In awarding compensation on a petition filed under section 300aa-11 of this title the special master or court shall also award as part of such compensation an amount to cover--
>
> (A) reasonable attorneys' fees, and
>
> (B) other costs,
>
> incurred in any proceeding on such petition. If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

42 U.S.C. § 300aa-15(e)(1). Thus, the Vaccine Act uses the term compensation to refer both to compensatory damages (such as payment for injury) and attorneys' fees and costs. *See Saunders v. Sec'y of HHS*, 25 F.3d 1031, 1034-35 (Fed. Cir. 1994) (noting the dual use of the term "compensation" in the Vaccine Act and determining that 42 U.S.C. § 300aa-15(f) prohibits the payment of compensatory damages when the petitioner declines to accept the judgment, but it allows the payment of attorneys' fees). Consistent with this interpretation, this court and the Court of Federal Claims have recognized their jurisdiction to review a decision on fees, independent from a decision on the merits, where the decision on fees issued along with or after a decision on the merits. *See, e.g., Avera,*

515 F.3d 1343; *Rodriguez v. Sec'y of HHS*, 91 Fed. Cl. 453 (2010); *Doe v. Sec'y of HHS*, 89 Fed. Cl. 661 (2009).

The sole question on appeal is whether the Court of Federal Claims has jurisdiction to review an interim fee decision prior to the decision on the merits of the underlying claim. We conclude that it does. The government asserts that we previously interpreted § 300aa-12(e) to "apply only to 'final' decisions of the special master that conclude the proceeding," citing *Widdoss*, 989 F.2d at 1175. Gov't Br. at 4, 12. On the contrary, we have never interpreted § 300aa-12(e)(3) to require a final decision concluding the proceedings or resolving the ultimate issue in the case. In *Widdoss*, we concluded that the 30-day time period in which to file for review in 42 U.S.C. § 300aa-12(e) was jurisdictional in nature. 989 F.2d at 1175, 1177. We further concluded that the clock began to run on the date that the special master issued its decision, rather than on the date that a 14-day temporary suspension of the proceeding ended. *Id.* We did not restrict jurisdiction to decisions resolving the ultimate issues of the case.

The Special Master's grant or denial of interim attorneys' fees is a decision on compensation and as such it is reviewable by the Court of Federal Claims under § 12(e). Moreover, the Special Master's decision on interim attorneys' fees is a final decision on the issue of interim fees. There will be no subsequent decision on "interim fees." And if the interim fee denial cannot be reviewed until after a decision on the merits, it is no longer an interim fee. Foreclosing review of a denial of interim fees is tantamount to a denial of such fees.

The Special Master's interim fee decision in this case indicates: "in the absence of a motion for review filed

under Appendix B of the Rules of the United States Court of Federal Claims, the Clerk of the Court shall enter judgment in petitioner's favor for $12,632.59 in interim attorney's fees, attorney's costs, and petitioner's costs." If motion for review of the interim decision had not been filed within 30 days, judgment would have been entered in the amount of $12,632.59 for petitioners, and review would no longer exist under § 12(e) at the Court of Federal Claims for the judgment. It would seem strange indeed to conclude that the government had to seek review of a grant of interim fees in the Court of Federal Claims within 30 days of the decision of the Special Master, but claimants could not seek review for denials until after the decision on the merits.

Consistent with our holding today, the Vaccine Rules recognize that a decision on interim fees constitutes a separate and appealable decision. The Vaccine Rules are adopted by the Court of Federal Claims and "govern all proceedings before the United States Court of Federal Claims pursuant to the National Childhood Vaccine Injury Act, as amended, 42 U.S.C. §§ 300aa-1 to -34 (Vaccine Act)." Vaccine Rules, app. B, R. 1(a) (as revised and reissued May 1, 2002, and as amended July 13, 2009). The government is certainly correct that the Court of Federal Claims' Vaccine Rules cannot create jurisdiction where none exists. However, Vaccine Rule 13(b), which was amended following our decision in *Avera*, recognizes that "[t]he decision of the special master on the fee request—including a request for interim fees—constitutes a separate decision for purposes of the Vaccine Rules 11, 18, and 23." Rule 23 explains that "[t]o obtain review of the special master's decision, a party must file a motion for review with the clerk within 30 days after the date the decision is filed." Our treatment of the interim fee decision as reviewable seems at least consistent with these

Vaccine Rules acknowledging that the interim fee decision is a separate decision for which review must be sought within 30 days of the decision. In fact, these rules could be interpreted as foreclosing review of the "separate decision" on interim fees if it is not sought within 30 days after the decision is filed.

In concluding that it lacked jurisdiction, the Court of Federal Claims referred to "numerous appellate decisions holding that a tribunal's decision on interim attorney's fees is not 'final' or appealable except under very limited circumstances not present here." *Shaw*, 88 Fed. Cl. at 465. However, the cases cited by the court involved causes of action in which only the prevailing party may receive attorneys' fees. *See In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143 (3d Cir. 2004) (interim fee award in products liability action); *Nosik v. Singe*, 40 F.3d 592 (2d Cir. 1994) (attorneys' fees governed by 42 U.S.C. § 1988); *Rosenfeld v. United States*, 859 F.2d 717 (9th Cir. 1988) (attorneys' fees governed by 5 U.S.C. § 552(a)(4)(e)); *Ruiz v. Estelle*, 609 F.2d 118 (5th Cir. 1980) (attorneys' fees governed by 42 U.S.C. § 1988).[1] In these cases, the party's ultimate entitlement to fees was tied to the outcome of the case.[2] In contrast, under the Vaccine Act,

---

[1]     The court also cited *Banks v. Office of the Senate Sergeant-at-Arms and Doorkeeper of the United States Senate*, 471 F.3d 1341 (D.C. Cir. 2006), in which the court awarded fees as a discovery sanction under Federal Rule of Civil Procedure 37.

[2]     Notably, in all but one of the cases cited by the court, the lower court awarded attorneys' fees to the plaintiff prior to deciding the merits of the case. *Banks*, 471 F.3d at 1342; *In re Diet Drugs*, 401 F.3d at 145; *Rosenfeld*, 859 F.2d at 719; *Ruiz*, 609 F.2d 118. Only one case involved the denial of a request for interim fees. In that case, the court determined that the plaintiff "failed to pose a serious question on the merits of her claim for a

there is no prevailing party requirement. A petitioner for compensation under the Vaccine Act is entitled to attorneys' fees as long as he or she brings the action in good faith and with a reasonable basis, regardless of the ultimate outcome of the case. 42 U.S.C. § 300aa-15(e)(1). "A special master can often determine at an early stage of the proceedings whether a claim was brought in good faith and with a reasonable basis." *Avera*, 515 F.3d at 1352. We note, however, that "[t]he determination of the amount of reasonable attorneys' fees is within the special master's discretion." *Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1520 (Fed. Cir. 1993). The special master may determine that she cannot assess the reasonableness of certain fee requests prior to considering the merits of the vaccine injury claim. We determine today only that the Court of Federal Claims has jurisdiction to review the merits of the interim fee decision. We leave to the Court of Federal Claims in the first instance the determination of whether the special master abused her discretion in deferring the decision on the disputed fees in this case.

The government argues that appellate review of interim fee awards is "wholly inconsistent with the legislative intent of resolving Vaccine Act petitions quickly and efficiently." Gov't Br. 17-18. The government explains that "time consuming appeals from interim fee decisions would only add to the delay already caused by the special master's initial resolution of the request for interim fees." *Id.* at 18. The government's argument seems to be more of an attack on the availability of interim fees than their reviewability. The Court of Federal Claims' review of an interim fee award in no way delays the Special Master's resolution of the merits of the Vaccine Act claim. There

---

permanent injunction, let alone that she will likely prevail on that claim." *Nosik*, 40 F.3d at 596.

would be no stay of the merits pending review of the interim fee decision.

The government acknowledges that interim fees and costs amounting to more than $5,750,000 have been awarded in at least 30 cases since *Avera* was decided in 2008. *Id.* at 21. The government argues that there is no need for review because substantial interim fees are being awarded even in the absence of immediate review of those awards. *Id.* at 22. We do not agree. Because this court has not yet ruled on whether there exists jurisdiction to review interim fees, we cannot know the impact review, or lack thereof, would have on interim fee decisions. Moreover, the magnitude and frequency of the awards actually support the notion that review ought to exist. Review would, of course, exist for both parties. The government could seek review of the grant of an award which it believes was improper in much the same way a claimant could seek review of a denial.

Here, the Special Master awarded Mr. Shaw the undisputed portion of his request for attorneys' fees and costs and deferred consideration of the disputed portion of his request. Deferring consideration of attorneys' fees and costs until a decision on the merits is effectively a denial of interim fees. We agree with Mr. Shaw that if interim fee awards are not independently reviewable, our holding in *Avera*, 515 F.3d 1343, would be rendered meaningless. We conclude that 42 U.S.C. § 12(e) confers jurisdiction on the Court of Federal Claims to review interim attorney fee decisions. An interim attorney fee decision is a separate decision on compensation and as such is reviewable even when that decision issues prior to a decision on the merits.

**CONCLUSION**

For the foregoing reasons, we reverse.

**REVERSED**