# In the United States Court of Federal Claims

**No. 03-2755V**

Filed: January 7, 2014

Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
VALE KRENIK, Parent of               *
V.K., a Minor,                       *
                                     *
                Petitioner,          *        Autism; Interim Attorneys' Fees and
                                     *        Costs
        v.                           *
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
                Respondent.          *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 21, 2012, petitioner filed a motion for attorneys' fees and costs incurred by petitioner's former[2] counsel. Respondent opposed the motion, arguing that the fees and costs should not be awarded due to their interim nature and respondent's belief that the case was untimely filed. *See* Second Response, filed Jan. 9, 2013. Because the issue of whether attorneys' fees and costs could be awarded in untimely filed cases was pending before the U.S. Supreme Court, the special masters deferred ruling on fee applications in approximately 1,000 Omnibus Autism Proceedings ("OAP") cases. I deferred ruling on petitioner's motions in this case. *See* First Order, issued May 1, 2013.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] Petitioner's motion included a request from counsel to withdraw as attorney of record which I granted. *See* Second Order, issued May 1, 2013.

Following the Supreme Court's decision,[3] respondent's counsel and petitioners' counsel from the five law firms with the greatest number of pending motions discussed a procedure to avoid the lengthy litigation required to assess whether each case was filed in good faith and with a reasonable basis. Respondent will withdraw her objection to the payment of attorneys' fees and costs in cases which were filed when the minor child was 78 months of age or younger with two caveats.[4] Petitioners' counsel will withdraw all motions for fees and costs in cases which were filed when the minor child was older than 78 months of age or which fall under either caveat. The procedure applies only to cases in the OAP and should not be construed as evidence that the parties are abandoning any legal arguments they may make in other cases.

Petitioner's counsel in this case has decided to follow this procedure. Because the case was filed when the minor child was 78 months of age or younger and does not fall under either of respondent's caveats, respondent has withdrawn her objection to payment of attorneys' fees and costs. Additionally, respondent does not oppose the amount of fees and costs requested.

Because petitioner continues to pursue his claim as a *pro se* petitioner, any award of fees and costs would be interim in nature. Thus, this basis for respondent's opposition still exists.

It is clear that interim fees and costs can be awarded under the Vaccine Act. *See Shaw v. Sec'y, HHS*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y, HHS*, 515 F.3d 1343 (Fed. Cir. 2008). Although I recognize that the withdrawal of counsel alone may not always provide sufficient justification for an award of interim fees and costs,[5] I find that the facts in this case warrant such an award. Following my reasoning in other cases, I determine that the requisite good faith and reasonable basis exist. *See, e.g., Lumsden v. Sec'y, HHS*, No. 97-588, 2012 WL 1450520, at *2 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). Similarly, this case has been pending for more than ten years and will continue for at least several more months. *Id.*, at *2-4. Under these circumstances, petitioners have established a sufficient basis to warrant the award of fees and costs on an interim basis.

Petitioner seeks attorneys' fees and costs in the amount of $3,730.00 for work performed by Conway, Homer & Chin-Caplan, P.C. and $200.00 for work performed by

---

[3] The Supreme Court held that a "petition found to be untimely may qualify for an award of attorney's fees if it is filed in good faith and there is a reasonable basis for its claim." *Sebelius v. Cloer*, 133 S.Ct. 1886, 1896-97 (2013).

[4] The first caveat is that respondent will continue to object in any case where the filed medical records show that there was a diagnosis outside the statute of limitations. The second caveat applies to those cases, in which the claim lacked a reasonable basis for reasons unrelated to timely filing. For example, if the minor vaccinee received only a hepatitis B vaccine at birth and no additional vaccines were administered, respondent may continue to object because the period between vaccination and onset of symptoms at 15 months of age is unreasonable.

[5] *See McKellar v. Sec'y, HHS,* 101 Fed. Cl. 297, 301 (2011).

Williams Kherkher for a total of $3,930.00. In lieu of filing a Vaccine General Order #9 statement, petitioner's former counsel represents that he will reimburse petitioner any costs that petitioner personally incurred that are compensable under § 15 (e)(1).

**Pursuant to §15(e), I hereby award a lump sum of $3,930.00[6] to be paid in the form of a check payable jointly to the petitioner and petitioner's former counsel, Conway, Homer & Chin-Caplan, P.C. The check shall be mailed to petitioner's former counsel at the following address: Conway, Homer & Chin-Caplan, P.C., 16 Shawmut Street, Boston, MA 02116.**

**The Clerk shall mail a copy of this decision to petitioner at her address of record and another copy to petitioner's former counsel at the address where the check is to be mailed.**

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the Clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

_____
**Denise K. Vowell**
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred by petitioner's former counsel, Conway, Homer & Chin-Caplan, P.C. and Williams Kherkher in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. _See generally Beck v. Sec'y, HHS_, 924 F.2d 1029 (Fed. Cir.1991).

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. _See_ Vaccine Rule 11(a).