# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 15-478V

Filed: November 14, 2016

Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ADINA SMALL, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Interim attorneys' fees and costs decision; counsel no longer withdrawing

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ronald C. Homer, Boston, MA, for petitioner.
Ann D. Martin, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION DENYING INTERIM ATTORNEYS' FEES AND COSTS[1]

On February 2, 2016, petitioner filed a motion for interim attorneys' fees and costs, requesting interim attorneys' fees of $15,976 and interim attorneys' costs of $712.34, for a total request of 16,688.34. On February 18, 2016, respondent filed a response to petitioner's request for interim attorneys' fees and costs. Respondent objects to an award of interim attorneys' fees and costs, arguing that petitioner did not establish she had a reasonable basis to bring her claim.

At the time petitioner filed her motion for interim attorneys' fees and costs, her attorney intended to withdraw from the case. See Informal Remark dated February 12, 2016 ("Petitioner phoned the staff attorney managing this case wishing to discuss her claim in light of the fact that

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

her attorney intends to withdraw from the case.").  In the nine months since this communication, petitioner's counsel has not withdrawn from the case.  In fact, petitioner's counsel has been actively attempting to find expert support for petitioner's case, and recently filed an expert report from petitioner's treating neurologist, Dr. Szumski.  See Ex. 19.

Interim awards of attorneys' fees and costs may be appropriate "where proceedings are protracted and costly experts must be retained," or "where the claimant establishes that the cost of litigation has imposed an undue hardship."  Shaw v. Sec'y of HHS, 609 F.3d 1372, 1375 (Fed. Cir. 2010); Avera v. Sec'y of HHS, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  The U.S. Court of Federal Claims and several special masters have found an interim fee award appropriate when petitioner's counsel withdraws from the case.  See, e.g., Woods v. Sec'y of HHS, 105 Fed. Cl. 148, 154 (Fed. Cl. 2012) (Judge Williams affirmed the special master's award of interim fees and suggested that when counsel withdraws, and it is unknowable how long case resolution might take, an interim award may be appropriate).  In the instant case, petitioner has not established that proceedings have been protracted, and petitioner had not yet retained an expert when she filed her request for interim attorneys' fees and costs.  Moreover, petitioner's counsel is no longer withdrawing from the case.  Therefore, the undersigned **DENIES** petitioner's motion for interim attorneys' fees and costs because it is prematurely filed.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: November 14, 2016                                    s/ Laura D. Millman
                                                                          Laura D. Millman
                                                                          Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.