# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 14-978V
Filed: January 23, 2017

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| HARVARD DAVIS, | \* | Not For Publication |
| | \* | |
| Petitioner, | \* | |
| v. | \* | Interim Attorney's Fees and Costs; |
| | \* | Respondent Does Not Object; |
| SECRETARY OF HEALTH | \* | Protracted Litigation. |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Lisa Roquemore, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.*
*Adriana Teitel, United States Department of Justice, Washington, DC, for respondent.*

## DECISION ON INTERIM ATTORNEY'S FEES AND COSTS[1]

**Roth,** Special Master:

On October 14, 2014, Harvard Davis ("Mr. Davis" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that he developed Guillain-Barre Syndrome ("GBS") after receiving an influenza vaccination on August 19, 2013. *See* Petition ("Pet."), ECF No. 1. On December 30, 2016, petitioner's counsel, Ms. Roquemore, filed a motion for interim attorneys' fees and costs pursuant to Section 15(e) of the Vaccine Act. After careful consideration, the undersigned has determined to **grant the request in part** for the reasons set forth below.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

# I.    Procedural History

This case was filed on October 14, 2014 and was initially assigned to now-Chief Special Master Dorsey.[3] ECF No. 1, 4. Several medical records were filed the next day, October 15, 2014. Pet. Ex. 1-5, ECF No. 5-7. An initial status conference was held on November 6, 2014, in which petitioner was ordered to file additional medical records. Scheduling Order, ECF No. 10. Petitioner filed his outstanding medical records and a Statement of Completion on November 26, 2014. Pet. Ex. 7-9, ECF No. 11. On January 28, 2015, respondent filed a status report requesting that petitioner submit additional medical records. Status Report, ECF No. 13. Petitioner filed the outstanding records and a Statement of Completion on March 16, 2015. Pet. Ex. 10-13, ECF Nos. 17-19. On April 15, 2015, respondent filed a status report stating that "it would be appropriate for the parties to explore the possibility of settlement." Status Report, ECF No. 22. On July 9, 2015, petitioner filed a status report indicating that a settlement demand had been transmitted to respondent. Status Report, ECF No. 30. Discussions continued through June of 2016. *See* Status Reports, ECF Nos. 31, 34, 38, 40-43.

This case was reassigned to me on October 21, 2015. Notice of Reassignment, ECF No. 32. On June 29, 2016, petitioner filed a status report indicating that the parties were unable to agree upon an informal resolution in this matter, and requesting a deadline for respondent's Rule 4(c) Report. Respondent filed the Rule 4(c) Report on August 15, 2016. ECF No. 45. A status conference was held on August 31, 2016, in which it became clear that "while the parties were able to determine a suitable Life Care Plan for petitioner, [they] were unable to come to an agreement on damages…the undersigned suggested that the parties strongly consider [mediation]." Scheduling Order, ECF No. 46. A joint status report was filed on October 21, 2016, in which respondent requested that petitioner "file an expert report that addresses the diagnosis of CIDP and vaccine causation" before engaging in mediation. Joint Status Report, ECF No. 49. A status conference was held on December 7, 2016, in which the undersigned ordered petitioner to file his expert report by March 31, 2017. Scheduling Order, ECF No. 50.

On December 30, 2016, petitioner filed a Motion for Attorneys' Fees and Costs ("Motion for Fees") requesting $82,328.58 in interim attorneys' fees and costs, $24,447.30 in interim fees and costs for the life care planner,[4] and $3,400 in out-of-pocket expenses for Mr. Davis, for a total of $110,175.88 in fees and costs. Motion at 2. Respondent filed a response ("Response") on January 17, 2017, indicating that while respondent "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award," respondent was otherwise "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs" have been met. Response at 2, ECF No. 58.

This matter is now ripe for decision.

---

[3] Special Master Dorsey was elevated to Chief Special Master on September 1, 2015.
[4] Petitioner's Motion for Fees states on page 2, fn. 3 that, while Ms. Holaciewicz's fees and costs originally totaled $26,447.30, she previously received a $2,000 retainer, leaving a balance of $24,447.30 for which she is requesting reimbursement.

## II.        Applicable Law

In general, the Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). Determining whether an application for fees is reasonable is a matter within the discretion of the presiding special master. *See Carrington v. Sec'y of HHS*, 85 Fed. Cl. 319, 322-23 (2008). Special masters are afforded considerable discretion when considering motions for attorney fees. For instance, it is within a special master's discretion to reduce fees *sua sponte*, without warning to petitioners. *Sabella v. Sec'y of HHS*, 86 Fed. Cl. 201, 208-09 (Mar. 2, 2009).

## III.        Discussion

Interim fees may be paid at the discretion of the special master. *See Avera v. Sec'y of HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008) ("Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained.") Additionally, "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d, 1372 1375 (Fed. Cir. 2010). In the instant matter, the parties were in settlement discussions for over a year with the assistance of life care planners in an attempt to resolve this matter.  Negotiations proceeded and an agreement for a life care plan was reached; however, negotiations ultimately reached an impasse over other damages. Respondent then requested that petitioner file an expert report regarding causation, and has asked that the matter be returned to the litigation track. Ultimately, it does not appear that a conclusion to this matter is imminent. Therefore, an award of interim fees and costs is appropriate so that counsel is not unduly financially burdened during protracted litigation.

Ms. Roquemore has twenty-seven years of litigation experience and has been practicing in the Vaccine Program since 1998 – nearly 20 years. Ms. Roquemore submitted hourly rates for herself of $355 for 2013, $365 for 2014 and 2015, and $400 for 2016. Motion for Fees at 12-13. The submitted rates have been upheld by other special masters. *See Taylor v. Sec'y of HHS*, No. 14-861V, 2016 WL 5390169 (Fed. Cl. Spec. Mstr. Sept. 2, 2016); *Raicevic v. Sec'y of HHS*, No. 14-554V, 2016 WL 5362695 (Fed. Cl. Spec. Mstr. Aug. 31, 2016). Ms. Roquemore's hourly rates have been approved several times this year, falling into the *McCulloch* ranges for her tenure (approximately $350 to $425 for attorneys practicing for 20 or more years). *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). Ms. Roquemore has requested rates for her paralegal of $125 for 2013 through 2015 and $135 for 2016, which fall into the appropriate *McCulloch* range for paralegals ($125 - $145). Accordingly, I find the hourly rates billed by Ms. Roquemore to be reasonable.

Petitioner requests $24,447.30 in fees for life care planner Liz Holakiewicz. However, Ms. Holakiewicz billed for 0.8 hours of travel time in 2015 at her full hourly rate of $250. While she may be compensated for work performed while traveling, "special masters consistently award compensation for travel time at 50% of the billing rate." *Hocraffer v. HHS*, No. 99-533V, 2011 WL 3705153, at *24. Therefore, the life care planner fees will be **reduced to $24,347.30**.

## IV.       Total Award Summary

For the reasons contained herein, **the undersigned awards the total of $110,075.88 as follows:**

- **A lump sum of $3,400 in the form of a check payable solely to petitioner, Harvard Davis;**
- **A lump sum of $24,347.30 in the form of a check payable to life care planner Liz Holakiewicz; and**
- **A lump sum of $82,328.58 in the form** of **a check payable jointly to petitioner, Harvard Davis, and petitioner's counsel, Lisa Roquemore.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**


<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).