# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 6, 2024

```
* * * * * * * * * * * * * *   *
JOHN BANKS,                   *      No. 20-1100V
                             *      Special Master Sanders
             Petitioner,      *
                             *
v.                           *
                             *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                             *
             Respondent.      *
* * * * * * * * * * * * * *   *
```

*Michael A. Baseluos,* Baseluos Law Firm, PLLC, San Antonio, TX, for Petitioner.
*Dorian Hurley,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 12, 2023, John Banks ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$54,912.11** for his counsel, Mr. Michael Baseluos. Mot. Int. Attorneys' Fees & Costs at 6, ECF No. 49 [hereinafter "Fees App."].[2] This amount consists of $54,000.50 in fees and $911.61 in costs. *Id. See also* Pet'r's Ex. A at 14, ECF No. 49-1. On October 26, 2023, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 51. In his response, Respondent stated that he "defers to the special master regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Further, Respondent "respectfully recommends that the Special Master exercise [her] discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. For the reasons stated below, the undersigned will award interim attorneys' fees and costs for Petitioner's counsel at this time.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] All citations to Petitioner's motion for interim attorneys' fees and costs, ECF No. 49, will use the page numbers generated by CM/ECF.

## I.  Procedural History

On August 31, 2020, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[3] 42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1. Petitioner alleged that he suffered from a left shoulder adhesive capsulitis shoulder injury resulting in permanent loss of arm function, also known as shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on September 25, 2017. *Id.* at 1. That same day, Petitioner filed medical records and medical literature. Pet'r's Exs. 2–6, ECF No. 1. Petitioner filed additional medical records on February 9, 2021, March 2, 2021, and April 17, 2021. Pet'r's Exs. 7–12, ECF Nos. 7–9. On April 19, 2021, Petitioner filed an amended petition, which included supplemental details, and a statement of completion. ECF Nos. 11–12. On June 23, 2021, Petitioner filed additional medical records. Pet'r's Ex. 14, ECF No. 16. One month later, on July 22, 2021, Petitioner filed an affidavit and a status report requesting to be assigned out of PAR. Petr'r's Ex. 14, ECF No. 16; ECF No. 17. Petitioner filed additional medical records and a statement of completion on August 19, 2021. Pet'r's Ex. 15, ECF No. 19; ECF No. 20.

This matter was assigned to SPU on August 24, 2021 and an initial status conference was held on September 20, 2021. ECF Nos. 21, 25. Petitioner filed additional exhibits on October 13, 2021, November 7, 2021, March 9, 2022, March 11, 2022, May 24, 2022, and October 13, 2022. Pet'r's Exs. 16–28, ECF Nos. 26–27, 34–36, 39. On October 24, 2022, Respondent filed his Rule 4(c) report indicating that this case was not appropriate for compensation. Resp't's Report at 1, ECF No. 40. Petitioner filed a brief on causation on January 18, 2023 and Respondent filed a response on March 16, 2023. ECF Nos. 45–46. This case was reassigned to me on May 15, 2024. ECF No. 53. Petitioner filed additional medical records on June 28, 2024. Pet'r's Ex. 29, ECF No. 54. I held a status conference on July 15, 2024 and directed Petitioner to file an amended petition and an expert report. Sched. Order, docketed July 15, 2024; ECF No. 55. Petitioner filed an amended petition that same day, with a supplemental brief filed on July 18, 2024. ECF Nos. 56–57. Petitioner's first expert report is due on October 14, 2024. ECF No. 55.

## II.  Availability of Interim Attorneys' Fees and Costs

### A.  Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and the undersigned finds that the statutory criteria for an award of interim fees and costs are met.

### B.  Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and

---

[3] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("It may be months to years before an entitlement ruling is issued."); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for almost four years, and an entitlement decision remains outstanding. Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner's counsel has requested $54,912.11 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings and the accumulation of fees and costs, the undersigned finds an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III.    Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar serves by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, 2022, and 2023 can be accessed online.[4]

Petitioner requests the following hourly rates for the work of his counsel, Mr. Baseluos: $335 per hour of work performed in 2020, $350 per hour of work performed in 2021, $375 per hour of work performed in 2022, and $400 per hour of work performed in 2023. Fees App. at 2–3.

I have reviewed the billing records submitted with Petitioner's request, and I find that the hourly rates billed for 2020 through 2023 for attorney time are all reasonable and in accord with prior awards made by other special masters.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). Upon review of the submitted billing records, I find that the time billed largely reasonable. *See* Pet'r's Ex. A, ECF No. 49-1. The invoice entries are sufficiently detailed for an assessment to be made of the entries' reasonableness.

### C. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $911.61 in costs, primarily comprised of medical records costs and administrative filing fees. Pet'r's Ex. A at 14–15, ECF No. 49-1; Pet'r's Ex. B, ECF No. 49-2. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable for the work performed in this case. Therefore, Petitioner is awarded the full amount of costs sought.

### IV. Conclusion

Petitioner's motion is hereby **GRANTED**. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

| | |
|---|---|
| Attorneys' Fees Requested | $54,000.50 |
| (Reduction to Fees) | -($0.00) |
| **Total Attorneys' Fees Awarded** | |
| | |
| Attorneys' Costs Requested | $911.61 |
| (Reduction of Costs) | - ($0.00) |
| **Total Attorneys' Costs Awarded** | |
| | |
| **Total Attorneys' Fees and Costs** | **$54,912.11** |

Accordingly, the undersigned awards a lump sum in the amount of **$54,912.11** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Michael Baseluos, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[5]

   **IT IS SO ORDERED.**

   s/Herbrina D. Sanders
   Herbrina D. Sanders
   Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.