# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 5, 2024

```
* * * * * * * * * * * * * *    *
CRISTINA INSUMRAN,             *      No. 18-1836V
                               *
            Petitioner,        *      Special Master Sanders
                               *
v.                             *
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
            Respondent.        *
* * * * * * * * * * * * * *    *
```

*Robert Joel Krakow,* Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.
*Mark Kim Hellie,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 11, 2024, Cristina Insumran ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$207,332.92** for her counsel, Mr. Robert Krakow, and former counsel, Ms. Jeannette Poyerd-Loiacono. Mot. Int. Attorneys' Fees & Costs at 43–44, ECF No. 111 [hereinafter "Fees App."].[2] This amount consists of $147,229.15 in fees and $40,565.33 in costs from Mr. Krakow, and $18,025.00 in fees and $1,513.44 in costs from Ms. Poyerd-Loiacono. *Id.* On January 25, 2024, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 115. In his response, Respondent stated that he "defers to the special master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." *Id.* at 2. Further, Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner filed a reply on January 25, 2024. Pet'r's Reply, ECF No. 116. For the reasons stated below, the undersigned will award interim attorneys' fees and costs for Petitioner's counsel at this time.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] All citations to Petitioner's motion for interim attorneys' fees and costs, ECF No. 111, will use the page numbers generated by CM/ECF.

## I. Procedural History

On November 30, 2018, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[3] 42 U.S.C. §§ 300aa-1 to -34 (2018); Pet., ECF No. 1. Petitioner alleged that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on December 2, 2015. *Id.* at 1. That same day, Petitioner filed medical records and medical literature. Pet'r's Exs. 1–19. Pursuant to the initial order, Respondent's Rule 4(c) report was suspended. Order, docketed Nov. 30, 2018, ECF No. 5. Petitioner filed an expert report on August 19, 2021. Pet'r's Ex. 32. The next day, Petitioner filed a status report indicating she retained an occupational expert/economist and would provide Respondent a demand. Status Report at 1, ECF No. 63.

On August 24, 2021, Respondent filed a status report requesting the deadline for filing his expert report be suspended indefinitely to allow the parties to engage in settlement negotiations. Status Report at 1, ECF No. 65. The parties have been discussing damages and settlement negotiations since then and the parties agreed to obtain life care planners. Petitioner transmitted her life care plan and demand to Respondent on November 11, 2022. Status Report at 1, ECF No. 85. Respondent completed his life care plan and responded to Petitioner's demand on February 10, 2023. Status Report at 1, ECF No. 96. I held a status conference on May 11, 2023, during which the parties expressed interest in retaining an external mediator. Order, docketed June 14, 2023, ECF No. 100. The parties retained an external mediator and subsequently requested to proceed on a dual track for mediation and litigation. Status Report at 1, ECF No. 101; Status Report at 1, ECF No. 106. Respondent filed an expert report on May 24, 2024. Resp't's Ex. A. Petitioner's next expert report is due on October 15, 2024. Respondent's Rule 4(c) report is due by October 29, 2024. And the parties' next joint status report regarding the progress of settlement discussions is due by September 30, 2024.

## II. Availability of Interim Attorneys' Fees and Costs

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and the undersigned finds that the statutory criteria for an award of interim fees and costs are met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings

---

[3] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("It may be months to years before an entitlement ruling is issued."); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for almost six years, and an entitlement decision remains outstanding. Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner's counsel has requested $207,332.92 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings and the accumulation of fees and costs, the undersigned finds an award of interim attorneys' fees and costs reasonable and appropriate in this case.

## III.    Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar serves by lawyers of reasonably comparable skill, experience and

reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules from 2015 to 2024 can be accessed online.[4]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Krakow, $435 per hour for work performed in 2017, $450 per hour for work performed in 2018, $464 per hour for work performed in 2019, $484 per hour for work performed in 2020, $509 per hour for work performed in 2021, $525 per hour for work performed in 2022, and $553 per hour for work performed in 2023; for Mr. Elan Gerstmann, $520 per hour for work performed in 2023; and for Ms. Poyerd-Loiacono, $300 per hour for work performed from 2017 to 2019. Fees App. at 24–25.

Additionally, Petitioner requests the following rates for the work of her counsel's paralegals: $140 per hour for work performed in 2017, $150 per hour for work performed in 2018, $156 per hour for work performed in 2019, $163 per hour for work performed in 2020, $172 per hour for work performed in 2021, $177 per hour for work performed in 2022, and $186 per hour for work performed in 2023. *Id.*

I have reviewed the billing records submitted with Petitioner's request, and I find that the hourly rates billed for 2017 through 2023 for attorney time are all reasonable and in accord with prior awards made by other special masters.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). Upon review of the submitted billing records, I find that the time billed is largely reasonable. *See* Pet'r's Ex. 106, Tab 2, ECF No.11-2; Pet'r's Ex. 106, Tab 11, ECF No. 111-11; Pet'r's Ex. 106, Tab.15, ECF No. 111-15. The invoice entries are sufficiently detailed for an assessment to be made of the entries' reasonableness.

### C. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $40,565.33 in costs from her current counsel, Mr. Krakow, primarily comprised of expert fees, medical records costs, and postage fees. Fees App. at 36; Pet'r's Ex. 106, Tab 3 at 1, ECF No. 111-3; Pet'r's Ex. 106, Tab 4, ECF No. 111-4; Pet'r's Ex. 106, Tab 6, ECF No. 111-6. Petitioner requests $1,513.44 in costs from her former counsel, Ms. Poyerd-Loiacono, primarily comprised of medical records costs and postage fees. Fees App. at 37; Pet'r's Ex. 106, Tab 15 at 5; Pet'r's

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

Ex. 106, Tab 16, ECF No. 111-16. Petitioner has provided adequate documentation for most of these expenses, and they appear reasonable for the work performed in this case. However, a reduction of $300.00 is necessary as Petitioner requested $300.00 for Dr. Gluck's updated report but did not provide supporting documentation of said costs.[5]  *See* Pet'r's Ex. 106, Tab 3 at 1. Therefore, Petitioner is awarded $41,778.77 in costs.

### IV.    Conclusion

Petitioner's motion is hereby **GRANTED IN PART**. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $165,254.15 |
| (Reduction to Fees) | -($0.00) |
| **Total Attorneys' Fees Awarded** | **$165,254.15** |
| | |
| Attorneys' Costs Requested | $42,078.77 |
| (Reduction of Costs) | - ($300.00) |
| **Total Attorneys' Costs Awarded** | **$41,778.77** |
| | |
| **Total Attorneys' Fees and Costs** | **$207,032.92** |

Accordingly, the undersigned awards a lump sum in the amount of **$207,032.92** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Robert J. Krakow, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Petitioner may request this cost in her motion for final attorneys' fees and costs with the appropriate documentation.
[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.