# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-642V
Filed: October 2, 2018

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

KELLIE DOVRE,      \*       UNPUBLISHED

     \*

       Petitioner,      \*

v.      \*      Decision on Interim Attorneys' Fees and

     \*      Costs

SECRETARY OF HEALTH      \*

AND HUMAN SERVICES,      \*

     \*

       Respondent.      \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Scott W. Rooney, Esq.*, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.
*Voris E. Johnson, Esq.*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 31, 2016, Kellie Dovre ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed severe tinnitus, profound hearing loss, and vertigo as a result of receiving an influenza ("flu") vaccination on or about November 1, 2013. Petition, ECF No. 1.

Petitioner filed a Motion for Interim Costs ("Interim Costs Motion") on March 21, 2018. ECF No. 37. Respondent filed a response to petitioner's motion, deferring to the undersigned as

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

to whether petitioner had met the legal standard for an award of interim costs on March 28, 2018. ECF No. 38. On April 25, 2018, the undersigned ordered petitioner to supplement her Interim Costs Motion so as to provide additional documentation in support of her requested costs for expert fees. ECF No. 39. On May 10, 2018, petitioner appropriately supplemented her previous motion. ECF No. 46. A Decision on Interim Costs ("Interim Costs Decision") was entered on July 16, 2018, awarding $6,240.00 in attorneys' costs. ECF No. 48.

On August 10, 2018, petitioner filed a Motion for Interim Attorneys' Fees and Costs ("Motion for Interim Fees"), requesting $17,657.00 in attorneys' fees, and $1,263.95 in non-expert costs, for a total of $18,920.95. ECF No. 54. On August 21, 2018, respondent filed a response to petitioner's Motion for Interim Fees that contained no specific objection to the amount requested or hours worked, but instead asked that the undersigned to exercise her discretion in determining the proper amount to be awarded. ECF No. 56. Petitioner did not file a reply. This matter is now ripe for decision.

## I. Applicable Law

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Moreover, special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Humans Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010); *see Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

In *Avera*, the Court held that interim fees may be awarded "in appropriate circumstances." 515 F.3d at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). The inquiry is simply whether there is "a good faith basis for the claim" and the denial of interim fees would "impose[] an undue hardship" in the circumstances of the case. *Shaw*, 609 F.3d at 1375. In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

## II. Discussion

In the circumstances of this case, interim fees are not warranted. On September 24, 2018, a 15-week Stipulation Order was entered in this case at the request of the parties. Stipulation Order, ECF No. 61. Once this case has been settled, petitioner can file a Motion for Final

Attorney's Fees and Costs.  The circumstances of this case do not warrant entertaining fees and costs at this time.

### III. Total Award Summary

Based on the foregoing, the undersigned **DENIES** petitioner's Motion for Attorneys' Fees. The clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.