# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 13-471V
Filed: January 15, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| WENDY WILLIAMS, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | |
| v. | \* | Decision on Attorneys' Fees and Costs; |
| | \* | Interim Fees |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald Homer, Esq.*, Conway, Homer, P.C., Boston, MA for petitioner.
*Althea Davis, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On July 12, 2013, Wendy Williams ("Ms. Williams," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed multiple sclerosis ("MS") as a result of receiving a hepatitis B vaccination on February 16, 2011. Petition ("Pet."), ECF No. 1. After filing multiple expert reports, the parties attempted to reach a settlement, and negotiated for nearly three years, filing over 25 status reports to advise on their progress. *See* ECF Nos. 61, 63-70, 72, 74-79, 81-84, 87-93. The matter could not be resolved.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner now seeks an award of interim attorneys' fees in the amount of $60,759.70 and attorneys' costs in the amount of $22,528.34, for a total amount of $83,638.04. Motion for Interim Attorneys' Fees and Costs. ECF No. 95. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $350.00 in out-of-pocket expenses. *Id*. at 2. On November 2, 2018, respondent filed a response to petitioner's motion. Response, ECF No. 97. Respondent "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award" but "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id*. at 2. Regarding the specific fees and costs requested by petitioner, respondent "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

Interim fees may be paid at the discretion of the special master. *See Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed Cir. 2008)("Interim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained.") While they are not routinely awarded, interim fees may be awarded when petitioner's counsel withdraws from a case. *See, e.g., Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012). Additionally, "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

In the instant matter, after extensive work by petitioners' counsel, the parties engaged in settlement discussions that spanned nearly three years in an effort to resolve the matter. Despite diligent efforts by all counsel, the matter could not be resolved. *See* Joint Status Report, ECF No. 98. Following the filing of this motion, Richard Gage has substituted in as counsel of record. ECF No. 96. The earliest this matter can be set for hearing will be 2021. Therefore, an award of interim fees and costs is appropriate so that petitioner's former counsel is not unduly financially burdened during protracted litigation.

Based on the overall circumstances of this case, the reasonableness of petitioner's request, and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for interim attorneys' fees and costs.[3]

**Accordingly, the undersigned awards the total of $83,638.04 as follows:**

- **A lump sum of $83,288.04**,[4] representing reimbursement for attorneys' fees in the amount of $60,759.70 and costs in the amount of $22,528.34, in the form of a check made payable jointly to petitioner and petitioner's counsel, Ronald Homer, Esq., and

---

[3] The hourly rates for petitioner's counsel's firm is well established in the Program. Because the overall fee request appears reasonable, I have not conducted a detailed analysis of the numbers of hours billed in this matter.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would

- **A lump sum of $350.00** in the form of a check made solely to petitioner Wendy Williams.

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.