# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 19, 2022

```
* * * * * * * * * * * * * *    *
DEIDRE HENKEL and ALEX         *      No. 15-1048V
HENKEL, parents of V.H., a minor, *
                               *      Special Master Sanders
          Petitioners,         *
                               *
                               *
v.                             *      Interim Attorneys' Fees and Costs
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
                               *
          Respondent.          *
* * * * * * * * * * * * * *    *
```

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for Petitioners.
*Ryan D. Pyles*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 23, 2021, Deidre and Alex Henkel ("Petitioners") filed a motion for interim attorneys' fees and costs, requesting **$212,648.14** for their counsel, Mr. Edward Kraus. Mot. Int. Attorneys' Fees & Costs at 1, ECF No. 100 [hereinafter "Fees App."].[2] On May 4, 2021, Respondent filed his response to Petitioners' motion. Resp't's Resp., ECF No. 101. In his response, Respondent stated that "[s]hould the Special Master find that [P]etitioners are eligible for an award of interim attorneys' fees and costs, [R]espondent respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3–4. For the reasons stated below, the undersigned will award interim attorneys' fees and costs for Petitioners' counsel at this time.

### I.       Procedural History

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] All citations to Petitioners' motion for interim attorneys' fees and costs, ECF No. 100, will use the page numbers generated by CM/ECF.

On September 21, 2015, Petitioners filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[3] 42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1. Petitioners alleged that their minor child, V.H., suffered from narcolepsy with cataplexy as a result of an intranasal influenza ("flu") vaccine administered on September 24, 2012. Pet. at 1. Petitioners filed medical records and a statement of completion between September and October 2015. ECF Nos. 5, 10.

On December 24, 2015, Respondent filed his Rule 4(c) report, indicating that this case was not appropriate for compensation. Resp't's Report at 1, ECF No. 13. Petitioners filed an expert report from Dr. Lawrence Steinman on May 31, 2016, and medical literature thereafter. ECF Nos. 18–21. Respondent indicated that he was amenable to exploring settlement, and the parties engaged in unsuccessful settlement discussions between June 2016 and June 2018. ECF Nos. 22–25, 28–29, 31–46. Respondent filed expert reports authored by Dr. Andrew MacGinnitie and Dr. David Raizen, along with medical literature, in July and August 2018. ECF Nos. 47–51. The parties filed additional expert reports from their respective experts and medical literature from November 2018 until September 2019. ECF Nos. 54–55, 58–59, 62–64, 68–70. An entitlement hearing was held on March 3, 2021, and this case is currently awaiting an entitlement decision. Min. Entry, docketed March 3, 2021.

## II.     Availability of Interim Attorneys' Fees and Costs

### A.  Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioners' motion on the basis of good faith or reasonable basis, and the undersigned finds that the statutory criteria for an award of interim fees and costs are met.

### B.  Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of*

---

[3] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

*Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("[t]he delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for more than six years, and an entitlement decision remains outstanding. Meanwhile, Petitioners' fees and costs have accumulated in the course of prosecuting this case. Petitioners' counsel has requested **$212,648.14** in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings and the accumulation of fees and costs, the undersigned finds an award of interim attorneys' fees and costs reasonable and appropriate in this case.

## III.    Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar serves by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.  Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office

of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[4]

Petitioners request the following hourly rates for the work of their counsel: for Mr. Edward Kraus, $348.00 per hour for work performed in 2013, $375.00 per hour for work performed in 2015, $389.00 per hour for work performed in 2016, $398.00 per hour for work performed in 2017, $409.00 per hour for work performed in 2018, $418.00 per hour for work performed in 2019, $435.00 per hour for work performed in 2020, and $458.00 per hour for work performed in 2021; for Ms. Tara O'Mahoney, $210.00 per hour for work performed in 2013, $225.00 per hour for work performed in 2014, $265.00 per hour for work performed in 2015, $275.00 per hour for work performed in 2016 and 2017, and $137.50 per hour for travel in 2017; for Ms. Amy Kraus, $334.00 per hour for work performed in 2019 and $384.00 per hour for work performed in 2021; and for Ms. Brynna Gang, $300.00 per hour for work performed in 2020 and $325.00 per hour for work performed in 2021. Fees App. at 2. Petitioners also requested the following rates for work of their counsel's paralegals: $100.00 per hour for work performed in 2013, $110.00 per hour for work performed in 2015 and 2016, $125.00 per hour for work performed in 2017, $145.00 per hour for work performed in 2018 and 2019, $160.00 per hour for work performed in 2020, and $170.00 per hour for work performed in 2021. *Id.* The rates requested for Mr. Kraus, Ms. Kraus, Ms. O'Mahoney. and their paralegals are consistent with what they have previously been awarded for their Vaccine Program work, and I therefore find them reasonable. *See, e.g.*, *Piatek v. Sec'y of Health & Hum. Servs.*, No. 16-524V, 2021 WL 5755318, at *2 (Fed. Cl. Spec. Mstr. Sept. 20, 2021); *Cantu v. Sec'y of Health & Hum. Servs.*, No. 16-1600V, 2021 WL 5026902, at *2 (Fed. Cl. Spec. Mstr. Sept. 29, 2021); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2770820, at *2– 3 (Fed. Cl. Spec. Mstr. May 16, 2018). Although a rate has not been clearly established for Ms. Gang's Vaccine Program work, I find her requested rates reasonable in light of her experience. *See* Fees App. at 42–43.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434).

Upon review of the submitted billing records, I find that the time billed largely reasonable. The invoice entries are sufficiently detailed for an assessment to be made of the entries' reasonableness. However, a small reduction is necessary due to time billed on administrative tasks such as filing documents and marking exhibits and somewhat excessive time billed for reviewing orders. *See* Fees App. at 9–33. Upon review, a reasonable reduction for these issues is $900.00.

### C. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $52,789.14 in attorneys' costs, primarily comprised of expert costs, life care planning costs, and medical record costs. *See* Fees App. at 48–49. Petitioners have provided adequate

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

documentation of all these expenses, and they appear reasonable for the work performed in this case. Petitioners are therefore awarded the full amount of costs sought.

## IV.    Conclusion

Petitioners' motion is hereby **GRANTED**. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioners and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $159,859.00 |
| (Reduction to Fees) | - ($900.00) |
| **Total Attorneys' Fees Awarded** | **$158,959.00** |
| | |
| Attorneys' Costs Requested | $52,789.14 |
| (Reduction of Costs) | - ($0.00) |
| **Total Attorneys' Costs Awarded** | **$52,789.14** |
| | |
| **Total Attorneys' Fees and Costs** | **$211,748.14** |

Accordingly, the undersigned awards a lump sum in the amount of **$211,748.14** to be issued in the form of a check payable jointly to Petitioners and Petitioners' counsel, Mr. Edward Kraus, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.