# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 19, 2023

* * * * * * * * * * * * * *   *
|  |  |
|---|---|
| HORTENCIA TORRES, |     *    No. 21-1356V |
|  |     *    Special Master Sanders |
|         Petitioners, |     * |
|  |     * |
| v. |     *    Interim Attorneys' Fees and Costs |
|  |     * |
| SECRETARY OF HEALTH |     * |
| AND HUMAN SERVICES, |     * |
|  |     * |
|         Respondent. |     * |

* * * * * * * * * * * * * *   *

*Sean Greenwood*, The Greenwood Law Firm, Houston, TX for Petitioners.
*Megan Murphy,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 9, 2023, Hortencia Torres ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$35,984.61** for her counsel, Mr. Sean Greenwood. Mot. Int. Attorneys' Fees & Costs at 1, 23, ECF No. 34 [hereinafter "Fees App."].[2] This amount consists of $29,942.10 in fees and $6,042.51 in costs. *Id.* at 23. On October 18, 2023, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 37. In his response, Respondent stated that he "defers to the special master regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Further, Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. For the reasons stated below, the undersigned will award interim attorneys' fees and costs for Petitioner's counsel at this time.

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] All citations to Petitioners' motion for interim attorneys' fees and costs, ECF No. 34, will use the page numbers generated by CM/ECF.

## I.      Procedural History

On May 14, 2021, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[3] 42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1. Petitioner alleged that she suffered from a trigeminal neuralgia injury as a result of a Tetanus, Diphtheria, and Pertussis ("Tdap") vaccine administered on May 22, 2018. *Id.* at 1, 7. On September 16, 2021, Attorney Sean Greenwood was substituted for prior counsel, Robert Ruiz-Comas. On January 19, 2022, the Clerk's Office received a compact disc with exhibits of Petitioner's medical records. On March 7, 2022, Petitioner filed additional exhibits, including medical records and an affidavit, as well as a statement of completion. ECF No. 14-15. On December 9, 2022, Petitioner filed a Motion to Leave to Amend Petitioner. Pet'r's Mot. at 1, ECF No. 22. Petitioner requested leave to amend her petition, citing new counsel and the fact that her original counsel "did not have all of the necessary records to compile a complete and accurate petition." *Id.* Specifically, the amended petition includes corrected treatment dates for Petitioner. *Id.* The undersigned granted this motion on December 14, 2022. An amended petition was filed on January 13, 2023. Amended Pet. at 1, ECF No. 24. On February 16, 2023, Respondent filed his Rule 4(c) report, indicating that this case was not appropriate for compensation. Resp't's Report at 1, ECF No. 25. Petitioner filed an expert report and curriculum vitae from Dr. Joseph Jeret as well as medical literature on June 15, 2023. ECF Nos. 27-28. Petitioner filed additional medical records and miscellaneous exhibits on August 16, 2023, August 28, 2023, October 9, 2023, October 19, 2023, and November 6, 2023. ECF Nos. 30-31, 33, 38, 40. On November 13, 2023, Petitioner filed an updated statement of completion. ECF No. 41.

## II.      Availability of Interim Attorneys' Fees and Costs

### A.  Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and the undersigned finds that the statutory criteria for an award of interim fees and costs are met.

### B.  Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

---

[3] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at \*5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at \*4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("[t]he delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for over two years, and an entitlement decision remains outstanding. Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner's counsel has requested $35,984.61 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at \*2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings and the accumulation of fees and costs, the undersigned finds an award of interim attorneys' fees and costs reasonable and appropriate in this case.

## III.     Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar serves by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, 2022, and 2023 can be accessed online.[4]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Greenwood, $425 per hour of work performed in 2021, $470 per hour of work performed in 2022, and $495 per hour of work performed in 2023; for associate attorney Ms. Janell Ochoa, $180 per hour of work performed in 2021 and $200 per hour of work performed in 2022 and 2023; for associate attorney Ms. Anna Carruth, $180 per hour of work performed in 2021. Fees App. at 16-18. Petitioner also requested the following rates for work of her counsel's paralegals: for Ms. Meagan Ward, $170 per hour of work performed in 2021 and 2022; and for Mr. Jonathan Krupa, $165 per hour of work performed in 2022 and $175 per hour of work performed in 2023. *Id.* Lastly, Petitioner requested the following rates for work of her counsel's legal assistant, Mr. Thomas Ambrosio: $161 per hour of work performed in 2023. *Id.*

The undersigned has reviewed the billing records submitted with Petitioner's request, and in my experience, the hourly rates billed for 2021 through 2023 for attorney time and paralegal time are all reasonable and in accord with prior awards made by other special masters.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). Upon review of the submitted billing records, I find that the time billed largely reasonable. The invoice entries are sufficiently detailed for an assessment to be made of the entries' reasonableness.

### C. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of and $6,042.51 in costs, primarily comprised of expert costs, medical records costs, and postage. Pet'r's Ex. 48 at 8-9, ECF No. 33-2. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable for the work performed in this case. Therefore, Petitioner is awarded the full amount of costs sought.

## IV. Conclusion

Petitioner's motion is hereby **GRANTED**. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $29,942.10 |
| (Reduction to Fees) | -($0.00) |
| **Total Attorneys' Fees Awarded** | $29,942.10 |
| | |
| Attorneys' Costs Requested | $6,042.51 |
| (Reduction of Costs) | - ($0.00) |
| **Total Attorneys' Costs Awarded** | $6,042.51 |
| | |
| **Total Attorneys' Fees and Costs** | **$35,984.61** |

Accordingly, the undersigned awards a lump sum in the amount of **$35,984.61**to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Sean Greenwood, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.