# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 17, 2024

```
* * * * * * * * * * * * * *    *
JESSE D. KREBS,                *      No. 20-1374V
                               *
            Petitioner,        *      Special Master Sanders
                               *
v.                             *
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
            Respondent.        *
* * * * * * * * * * * * * *    *
```

*John Scanlon*, The Scanlon Group, Akron, OH, for Petitioner.
*Madelyn Weeks*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 12, 2023, Jesse D. Krebs ("Petitioner") filed a motion for interim attorneys' fees and costs in the amount of **$80,262.59**,[2] representing **$57,770.20** in attorneys' fees and **$22,492.39** in attorneys' costs. Pet'r's Mot. Int. Attorneys' Fees & Costs at 1, ECF No. 57 [hereinafter "Pet'r's Mot. for IAFC"]; Costs Chart, ECF No. 63-1.[3] On October 25, 2023, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 58. In his response, Respondent states that he "defers to the special master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award[.]" *Id.* at 2. Respondent states that he "is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case[,]" and he "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 2–3. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner at this time.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Petitioner requested interim attorneys' fees and costs of $80,262.39, but this appears to be an error. *See* Pet'r's Mot. for IAFC at 1.

[3] Petitioner request attorneys' costs for costs incurred through September 19, 2023. *See* Costs Chart.

## I. Procedural History

On October 13, 2020, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[4] 42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1. Petitioner alleged that he suffered from transverse myelitis ("TM") as a result of an influenza ("flu") vaccine administered on October 16, 2019. Pet. at 1. Petitioner filed medical records, opinion letters from treating physicians, and an affidavit, on October 13, 2020, and he filed medical records and a statement of completion on February 23, 2021. *See* ECF Nos. 1, 9–10.

On September 3, 2021, Respondent filed his Rule 4(c) report asserting that this case is not appropriate for compensation. Resp't's Report at 1, ECF No. 18. Petitioner filed an expert report from Lawrence Steinman, M.D., Dr. Steinman's curriculum vitae ("CV"), and medical records between November 24, 2021, and April 21, 2022. ECF Nos. 19–23. On April 21, 2022, I ordered Respondent to file a responsive expert report, but on September 26, 2022, Respondent filed a motion to suspend his expert report deadline to allow the parties to explore settlement discussions. Scheduling Order, docketed Apr. 21, 2022; ECF No. 27. I granted Respondent's motion, and the parties began settlement discussions. *See* Order, ECF No. 28.

Petitioner filed motions for subpoena, which were granted, and additional medical records between November 23, 2022, and February 16, 2023. ECF Nos. 29–41. The parties communicated to Chambers that they had retained life care planners and were working to informally resolve this case. Informal Comm., docketed Feb. 10, 2023. The parties continued settlement discussions, involving life care planners and economists, through April of 2024. *See* ECF Nos. 43–51, 55, 59–62. On April 2, 2024, the parties filed a joint status report indicating that they would like to resume litigation. ECF No. 62.

## II. Availability of Interim Attorneys' Fees and Costs

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of interim fees and costs are met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs*., 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant

---

[4] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for more than three years, and litigation of this case remains ongoing. Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioners' counsel has requested **$80,262.59** in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings and the accumulation of fees and costs, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

## III. Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

## A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, 2022, 2023, and 2024 can be accessed online.[5]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. John Scanlon, $394.00 per hour for work performed in 2020, $414.00 per hour for work performed in 2021, $427.00 per hour for work performed in 2022, and $450.00 per hour for work performed in 2023; for Ms. Tracye Lanham, paralegal, , $141.00 per hour for work performed in 2020, $148.00 per hour for work performed in 2021, $153.00 per hour for work performed in 2022, and $161.00 per hour for work performed in 2023. Pet'r's Mot. for IAFC, Ex. 1 ¶¶ 6–7.

Because this is Mr. Scanlon's first case in the Program, neither he nor his paralegal has established rates. *See* Pet'r's Mot. for IAFC, Ex. 1 ¶ 5. For Mr. Scanlon's work, Petitioner requests the lowest forum rate listed on the OSM Fee Schedules for an attorney with twenty to thirty years of experience for 2020 through 2023. For Ms. Lanham, Petitioner requests the lowest paralegal rate listed on the OSM Fee Schedules for each year. I find these rates appropriate.

Mr. Scanlon's office is located in Akron, Ohio, which is a part of a metropolitan area of approximately 700,000 people and which is approximately forty miles outside of Cleveland, Ohio. Akron and Cleveland are both located in the jurisdiction of the U.S. District Court for the Northern District of Ohio, and special masters have previously awarded forum rates to attorneys based in Cleveland. *See Kami v. Sec'y of Health & Hum. Servs.*, No. 17-1468V, 2018 WL 7049397, at *2–3 (Fed. Cl. Spec. Mstr. Nov. 30, 2018). Although the U.S. Bureau of Labor Statistics does not identify Akron and Cleveland as being in the same metropolitan area,[6] the U.S. Census Bureau includes Cleveland and Akron in the Cleveland-Akron-Canton Combined Statistical Area.[7] Furthermore, Cleveland and Akron have similar costs of living,[8] and special masters have previously awarded forum rates to attorneys located in smaller cities located thirty to forty miles outside of larger cities. *Moore v. Sec'y of Health & Hum. Servs.*, No. 15-90V, 2019 WL 423066, at *5 (Fed. Cl. Spec. Mstr. Jan. 10, 2019) (determining that forum rates applied in a city approximately forty miles outside of Miami, Florida); *Razka v. Sec'y of Health & Hum. Servs.*, No. 14-1224V, 2017 WL 3165479, at *2 (Fed. Cl. Spec. Mstr. June 30, 2017) (finding forum rates appropriate for an attorney based approximately thirty-two miles outside of Chicago, Illinois).

---

[5] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

[6] U.S. Bureau of Labor Statistics, Occupational Employment and Wage Statistics, May 2023 Metropolitan and Nonmetropolitan Area Definitions, https://www.bls.gov/oes/current/msa_def.htm (last visited June 16, 2024).

[7] U.S. Census Bureau, Combined Statistical Areas of the United States and Puerto Rico March 2020, https://www.census.gov/geographies/reference-maps/2020/geo/csa.html (last visited June 16, 2024).

[8] Best Places, Cost of Living Comparison Calculator, Cleveland, Ohio vs. Akron, Ohio, http://www.bestplaces.net/cost-of-living/cleveland-oh/akron-oh/75000 (last visited June 16, 2024).

Thus, I find it appropriate to award Petitioner's counsel forum rates, similar to an attorney based in Cleveland, Ohio.

I find Mr. Scanlon's requested rates commensurate with his experience. Although this is his first case in the Program, he stated in his affidavit submitted with Petitioner's motion that he was admitted to the Ohio Bar in 1994 and has "practiced exclusively in the area of [p]laintiff's personal injury litigation[]" since that year. Pet'r's Mot. for IAFC, Ex. 1 ¶¶ 3–4. Thus, Mr. Scanlon had approximately twenty-six years of experience in practice when beginning work on this case in 2020. I find that Mr. Scanlon appropriately requested rates at the bottom of the listed ranges for attorneys with twenty to thirty years of experience to account for his lack of his experience in the Program. Likewise, I find the rates requested for Ms. Lanham, which are similarly at the bottom of the listed ranges for paralegals, appropriate.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Billing for administrative tasks is not appropriate. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.,* No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.,* No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch,* 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review of the submitted billing records, I find that the time billed reasonable for the work performed in this case The invoice entries are sufficiently detailed for an assessment to be made of the entries' reasonableness. However, a small reduction is necessary due to time billed for filing Petitioner's petition on October 13, 2020. Pet'r's Mot. for IAFC, Ex. 3 at 1. This results in a deduction of $105.75.

### C. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $22,492.39 in attorneys' costs. Costs Chart. This is comprised of costs for acquiring records and a certificate of good standing. *Id.* It also comprises an application fee to the U.S. Court of Federal Claims, the Court's filing fee, costs for scanning documents, costs for Dr. Steinman's retainer, costs related to Petitioner's life care planner and economic expert, and a payment to a video services company. *Id.* Petitioner has provided adequate documentation for some of these expenses. However, some deductions are necessary.

Petitioner requests reimbursement for $6.50 for medical records on April 7, 2020, for $26.50 for acquiring his birth certificate on April 21, 2020, for $6.50 for medical records on June 5, 2020, and for $63.49 for medical records on July 21, 2020. Costs Chart. However, documentation of these expenses appears missing from the receipts Petitioner provided. *See* Pet'r's

Mot. for IAFC at 16–64.[9] I will therefore deduct these costs from Petitioner's award. Petitioner requests reimbursement for two separate charges of $19.50 and $22.68 for acquiring medical records. *Id.* at 24–25. However, these appear to be the same expense, as the bill for $19.50 also requests $3.18 for postage and as Petitioner did not provide a separate bill corresponding to the $22.68 check he filed. *See id.* Thus, I will deduct $19.50 from Petitioner's award.[10]

Petitioner's costs chart indicates that he is requesting reimbursement for a $2,000.00 life care planning expert retainer paid to Ripple Life Care Planning and a $1,500.00 economist expert retainer paid to Constable Consulting, LLC. Costs Chart. He is also requesting $7,625.00 for a life care plan report from Ripple Life Care Planning and $6,637.50 for an economic expert wage loss report from Constable Consulting, LLC. *Id.* Petitioner has also requested reimbursement for a $400.00 payment to Mirror Image Video for "Day in the Life Video Services." *Id.* Petitioner's payments to Constable Consulting are sufficiently documented, and the documentation includes a description of the work performed and the total hours expended. *See* Pet'r's Mot. for IAFC at 44. These costs appear reasonable for the work performed in this case. However, Petitioner has not provided sufficient documentation related to Ripple Life Care Planning and Mirror Image Video to support that these costs are reasonable. Petitioner filed a check for Ripple Life Care Planning's $2,000.00 retainer and a receipt for $7,625.00 paid to the company based on a $9,625.00 invoice.[11] However, Petitioner has not provided a bill from Ripple Life Care Planning describing the work performed or hours expended in this case. Thus, I cannot evaluate whether this amount is reasonable, and I will deduct $9,625.00 from Petitioner's award.[12] Although Petitioner has provided an invoice from Mirror Image Video explaining the work performed, it is unclear from the receipts and Petitioner's motion why this expense was necessary to further this case, or whether it was requested by Petitioner's life care planner or economic expert. Thus, I will not reimburse this $400.00 cost at this time.

Petitioner also requests reimbursement for a $281.00 application fee to the U.S. Court of Federal Claims and for a $25.00 cost for acquiring a certificate of good standing, presumably to support Mr. Scanlon's application, from the Supreme Court of Ohio. Costs Chart; Pet'r's Mot. for IAFC at 57. However, "[c]osts associated with bar admission to the Court of Federal Claims are not reimbursable in the Vaccine Program[.]" *Romo-Villanueva v. Sec'y of Health & Hum. Servs.*, No. 18-1609V, 2022 WL 1197463, at *3 (Fed. Cl. Spec. Mstr. Mar. 18, 2022). These issues result in a total deduction of $10,453.49.

## IV. Conclusion

Petitioner's motion is hereby **GRANTED**. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds

---

[9] Because Petitioner did not mark these receipts with exhibit numbers, citations to these receipts refer to the page numbers generated by CM/ECF.

[10] Petitioner's receipts include a October 27, 2020 bill for $190.76 for medical record copies, but Petitioner's costs chart does not indicate that he is requesting reimbursement for this expense. *See* Pet'r's Mot. for IAFC at 22; Costs Chart. Thus, I will not reimburse this cost at this time. Petitioner may request reimbursement for this cost, and file adequate documentation, in a future motion for attorneys' fees and costs.

[11] Petitioner presumably deducted the retainer when paying this bill.

[12] Petitioner may request reimbursement for these costs, as well as other costs not reimbursed at this time, with appropriate documentation in a future motion for attorneys' fees and costs.

that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $57,770.20 |
|---|---|
| (Reduction to Fees) | - ($105.75) |
| **Total Attorneys' Fees Awarded** | **$57,664.45** |
| | |
| Attorneys' Costs Requested | $22,492.39 |
| (Reduction of Costs) | - ($10,453.49) |
| **Total Attorneys' Costs Awarded** | **$12,038.90** |
| | |
| **Total Attorneys' Fees and Costs** | **$69,703.35** |

Accordingly, I award a lump sum in the amount of **$69,703.35** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. John Scanlon, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[13]

   **IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[13] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.